UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHA GILFORD, | ) | CASE NO. 5:21 CV 177 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| OHIO EDISON, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

**I. Background**

This is another *in forma pauperis* action filed by *pro se* Plaintiff Marsha Gilford. Plaintiff has filed four other substantially similar cases. *See Gilford* v. *Aqua Ohio, Inc., et al.*, Case No. 4: 21 CV 174 (N.D. Ohio Apr. 29, 2021); *Gilford v. Armstrong, et al.,* No. 4:21 CV 175 (N.D. Ohio filed Jan. 21, 2021); *Gilford v. Westlake Portfolio Management et al*, Case No.4:21 CV 91 (N.D. Ohio filed Jan. 13, 2021); *Gilford v. Dominion Energy Ohio et al,* 4:21 CV 176 (N.D. Ohio filed 01/21/21).

As in her prior cases, the Plaintiff sues a service provider here, her electric company and its CFO Jon Taylor on the basis that Taylor did not respond to mailings she sent to Ohio Edison and ostensibly seeking to nullify her obligations on her bills with a $ 1.00 payment and meaningless, incomprehensible documents of her own creation. ( Doc. No. 12-3). Her Complaint is composed entirely of indecipherable rhetoric. It contains no factual allegations.

She states that she is "requesting Default Judgment Due to Non-Response to any Mailed communication resulting in Agreement with all documentation that was sent via Certified Mail." (Doc. No. 1 at 1). She seeks monetary relief (a "TOTAL of $3,275,000.00 Dollars in Lawful Money") for a violation of unspecified "civil rights" under 42 U.S.C. § 1983 and for "fraud" and "extortion." (Doc. No. 1. at 2.)

The Defendants have filed Motions to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 5, 10.) The Plaintiff has responded to the Motions by filing a request for "default judgement." (Doc. No. 12.)

Although the Court will grant the Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2), for the following reasons, the Defendants' Motions to Dismiss the Complaint are granted, the Plaintiff's Motion/Request for default judgment is denied, and this action is dismissed.

## II. Standard of Review

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a dismissal under the Rule, a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although detailed allegations are

not required, the "allegations must be enough to raise a right to relief about the speculative level." *Twombly*, 550 U.S. at 555. Further, pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

### III. Analysis

Even under the liberal standard accorded *pro se* pleadings, the Plaintiff's Complaint does not set forth allegations sufficient to suggest she has any plausible claim. As the Court found in the Plaintiff's prior similar cases, the incoherent statements and assertions set forth in her pleadings do not meet basic pleading requirements, are frivolous, and fail to suggest any valid basis for claims against the Defendants for fraud, extortion, or civil rights violation under § 1983 with respect to her bills. *See Gilford v. Aqua Ohio, Inc., et al.*, Case No. 4: 21 CV 174 (N.D. Ohio) (April 29, 2021 Opinion and Order at 7-8) (dismissing the Plaintiff's prior action alleging similar claims against her water provider); *see also Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Further, the Plaintiff has no valid basis for seeking a "default judgment" in this case under Fed. R. Civ. P. 55, which is proper only when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Furthermore, it is apparent from Plaintiff's filings that she is not seeking any real relief

from her service providers. Instead, she has opted to try to discharge her debts with gimmicks and fictitious documents that have no legal effect or enforcement capability. Contrary to her assertion, there are no magic words that can be uttered to cause a debt to disappear without recourse to the Plaintiff. She is cautioned that if she continues to file frivolous lawsuits, the Court may impose sanctions including denying her Application to Proceed *In Forma Pauperis*, and prohibiting her from proceeding *in forma pauperis* in the future. The Court may also enjoin her from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

### IV. Conclusion

Accordingly, the Defendants' Motions to Dismiss the Plaintiff's Complaint (Doc. Nos. 5, 10) in this case are granted, the Plaintiff's Motion for Default Judgment (Doc. No. 12) is denied, and this case is dismissed with prejudice. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 26, 2021  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE